## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| PROSERV REMOVAL, INC. on behalf of itself individually and all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>CRYSTEEL MANUFACTURING, INC.,<br><br>   Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff PROSERV REMOVAL, INC, brings this action against Defendant CRYSTEEL MANUFACTURING, INC., by and through its attorneys, individually and on behalf of all others similarly situated, and alleges as follows:

### <u>INTRODUCTION</u>

1. This is a class action lawsuit brought by Plaintiff Proserv Removal, Inc., on its own behalf and on behalf of a nationwide Class of 1-800-GOT-JUNK franchisees who were required to purchase defective truck bodies from Defendant Crysteel Manufacturing, Inc.

2. This action arises from Defendant's failure, despite its longstanding knowledge of the problem, to disclose to Plaintiff and other franchisee consumers that its truck bodies were defectively designed and/or manufactured in such a way that predisposed them to premature rusting and corrosion resulting in very serious and costly damage to the truck bodies.

3.      This action also arises from Defendant's failure and refusal to uphold its promised warranties regarding the truck bodies, including, but not limited to, warrantying each product against defects in material, workmanship, and paint for sixty (60) months from the in-service date at 100% coverage in the first thirty-six (36) months and at 50% coverage for the next twenty-four (24) months.

4.      The truck bodies are uniformly and inherently defective in design, and prematurely fail under normal operating conditions in advance of their expected useful life.

5.      Upon information and belief, Defendant has been aware for years of the true nature and cause of the problem in the truck bodies. This knowledge is evidenced by widespread complaints submitted directly to Defendant about the truck body problem from Class members who have complained about this very issue to Defendant.

6.      Many owners of the truck bodies have had to repair or replace their truck bodies, thereby incurring costly repairs and/or replacements as needed to return the truck body to expected operating condition.

7.      Defendant has directly benefited from the defective design and failure to uphold its warranty promises by collecting money from franchisees for the truck body and denying payment when warranty claims are submitted.

## **PARTIES**

8.      Plaintiff Proserv Removal, Inc. (hereinafter "Proserv"), is a corporation duly organized and existing under the laws of Pennsylvania with a principal place of business at 668 Stony Hill Road, Suite 154 in Yardley, Pennsylvania 19067.

9.      As part of Plaintiff's business as a 1-800-GOT-JUNK franchisee, it has purchased numerous truck bodies from Defendant.

10.     Defendant Crysteel Manufacturing, Inc. ("Crysteel"), is a corporation duly organized and existing under the laws of Minnesota, having a principal place of business at 52182 Ember Road, Lake Crystal, Minnesota 56055-2388. Crysteel engages in continuous and substantial business throughout the United States, and more specifically within the District in which this Court is situated and is a well-known seller of truck bodies.

11.     Crysteel has an agreement with 1-800-GOT-JUNK, the franchisor, such that it is the exclusive vendor for 1-800-GOT-JUNK truck bodies (hereinafter "Truck Bodies") for 1-800-GOT-JUNK franchises nationwide.

12.     Crysteel issues a warranty delivered with each new Truck Body, and it is responsible for the design, manufacture, sale and distribution of the Truck Body.

## **VENUE**

13.     Jurisdiction and venue are properly vested in this Court because a substantial portion of the acts, events, and/or failure to act giving rise to the claims alleged herein occurred in this judicial district.

14.     This action is brought pursuant to the Class Action Fairness Act, 28 U.S.C.§ 1332 (CAFA). Jurisdiction is vested in this Court in that the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and this is a proposed nationwide class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

15.     Venue is proper in this District under 28 U.S.C. § 1391(a)(1), because Defendant is "domiciled" in this jurisdiction and the significant events giving rise to this case took place in this District.

## FACTUAL ALLEGATIONS

16.     Defendant Crysteel, per an exclusive vendor agreement with franchisor 1-800-GOT-JUNK, designs, manufactures, sells and distributes all 1-800-GOT-JUNK truck bodies. Per the exclusive vendor agreement, all 1-800-GOT-JUNK franchisees, such as Plaintiff Proserv, are required to purchase their truck bodies from Crysteel.

17.     Crysteel has been and continues to be the exclusive vendor of 1-800-GOT-JUNK truck bodies up to and continuing through the present day.

18.     At the time of purchase, along with a purchase sales agreement, Crysteel provides 1-800-GOT-JUNK franchisees directly with an express warranty for each of the purchased Truck Bodies.

19.     At all times relevant hereto, Crysteel expressly warranted the Truck Bodies for three (3) years at one-hundred percent (100%) coverage and the next two (2) years at fifty percent (50%) coverage.

20.     At the onset and for a time up to three (3) years after the Truck Bodies original sale, the written warranty expressly touted by Defendants to be "the most comprehensive warranty in the industry" warrantied each product against "defects in material, workmanship, and paint." (*See* Exhibit A, Express Warranty.)

21.     Crysteel's express warranty explicitly states that it covers Crysteel manufactured products with "defects in material, workmanship and paint for 60 months from in-service date." (*Id.*)

22.     Despite this express warranty, the Truck Bodies manufactured for the supply of 1-800-GOT-JUNK franchises contain a critical and inherent manufacturing and design flaws which creates constant potential for and eventual significant rust and corrosion.

23.     The previously described significant rust and corrosion can and does lead to significant repair costs as well as innate structural instability and eventual structural failure of the Truck Body during normal operation of the vehicle during the warranty period.

24.     This significant premature rusting and corrosion has been affecting the Truck Bodies since Crysteel began as the exclusive vendor and continues through the present day. Upon information and belief, Crysteel has had actual and or constructive notice of the premature rusting and corrosion issue since the aforementioned earliest affected date evidenced by the communications described below.

25.     This corrosion/rust issue has been the subject of vast discussions by telephone, mail, electronic mail (e-mail), and in person amongst 1-800-GOT-JUNK franchisees internally, as well as discussions with Defendant itself. Upon information and belief, the defendant has actual and constructive notice of such corrosion and rust issues through 1-800-GOT-JUNK franchisees as well as 1-800-GOT-JUNK.

26.     Upon information and belief, no matter the amount of diligent care and routine maintenance, the Truck Bodies still experience significant premature rusting and corrosion and related issues.

27.     Furthermore, a vast amount of warranty claims regarding premature rusting and corrosion have been submitted directly to Crysteel without any recourse taken by Defendant.

28.     To the contrary, on or about May 7, 2019, Crysteel covertly attempted to revise the express warranty provided with the Truck Bodies to specifically exclude the express warranty coverage of "[c]orrosion, scaling, and/or delamination of materials due to normal use in a vocational setting" and "paint damage due to normal use."

29.     Plaintiff Proserv, as well as members of the Class, expressly rejected this alteration in Crysteel's express warranty.

30.     Even following actual and constructive notice of the problem, which affects all of the Truck Bodies manufactured by Crysteel, Defendant has failed to remedy the issue or offer replacements for their unfit and potentially dangerous Truck Bodies as promised by the aforementioned express warranty.

31.     Inasmuch as the defendant has warranted that the Truck Bodies are fit for their usual uses, the proclivity for structural failure, specifically premature corrosion and rust affecting the Truck Bodies, should trigger repairs or replacement under defendant's warranty.

32.     Upon information and belief, Defendant has not undertaken any repair or replacement of any Truck Body experiencing premature rust and corrosion, nor has Defendant made any payment to any franchisee to furnish the repair and/or replacement of any Truck Body experiencing premature rust and corrosion.

## TOLLING

33.     Any applicable statute(s) of limitations have been tolled because the defect is latent and not detectable until manifestation. Plaintiff and the Class were not reasonably able to discover the problem until sometime after purchase and installation of the Truck Bodies, despite their exercise of due diligence.

34.     Defendant had a duty to inform Plaintiff and the Class of the defect described herein of which it had widespread knowledge at the time of sale. Defendant's failure to document or disclose the known defects in its products, and its concealment of known defects from Plaintiff and Class members, constitutes fraudulent concealment that equitably tolls the applicable statute(s) of limitation.

35.     The facts concealed and/or not disclosed by Defendant to Plaintiff and the Class members are material facts in that a reasonable person would have considered those facts to be important in deciding whether or not to purchase the Truck Bodies as well as the price to pay for the Truck Bodies. Had Plaintiff and the Class Members known of the defective nature of the Truck Bodies they would not have purchased them or would have paid significantly less for them.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action as a class action pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and all similarly situated individuals. The Class, on behalf of which it brings this action, is defined as follows:

**Nationwide Class**

37.     All 1-800-GOT-JUNK Franchisees within the United States and its territories who purchased a Crysteel manufactured 1-800-GOT-JUNK truck body.

38.     In the alternative to the Nationwide Class, and pursuant to Federal Rules of Civil Procedure, Rule 23(c)(5), Plaintiffs seek to represent the following Pennsylvania Class only in the event that the Court declines to certify the Nationwide Class above:

**Pennsylvania Class**

39.     All 1-800-GOT-JUNK Franchisees in Pennsylvania who purchased a Crysteel manufactured 1-800-GOT-JUNK truck body.

40.     Together, the Nationwide and Pennsylvania Classes shall be collectively referred to herein as the "Class." Excluded from the Class are Defendant, its affiliates, employees, officers, and directors, and the Judge(s) assigned to this case. Plaintiffs reserve the right to modify, change, or expand the Class definitions based on discovery and further investigation.

41.     Although the exact number of Class members is uncertain and can only be ascertained through appropriate discovery, the Class is so numerous that the joinder of all members is impracticable. According to 1-800-GOT-JUNK's website there is at least one 1-800-GOT-JUNK franchise in every state with the majority of states having multiple franchises in multiple cities across the state.[1] The Class is comprised of an

---

[1] https://www.1800gotjunk.com/us_en/locations (last viewed January 8, 2021).

easily ascertainable, self-identifying set of entities that are 1-800-GOT-JUNK franchisees.

42.     There are numerous questions of law and fact common to Plaintiffs and the Classes, including, but not limited to, the following:

a.      whether the Truck Bodies at issue are defective in their design and/or manufacturing;

b.      the nature and extent of any design and/or manufacturing defect;

c.      the effect on the value of any truck body with such a design and/or manufacturing defect;

d.      the point at which Defendant knew or should have known of the design and/or manufacturing defect;

e.      the point at which Defendant should have known of the design and/or manufacturing defect;

f.      whether Defendant knowingly failed to disclose the design and/or manufacturing defect in the Truck Bodies;

g.      whether the design and/or manufacturing defect affecting the Truck Bodies constitutes a breach of the implied warranty of merchantability and of the express warranty made by Defendant;

h.      whether Defendant was unjustly enriched by selling the Truck Bodies with the design and/or manufacturing defect alleged herein;

i.      whether the design and/or manufacturing defect affecting Defendant's Truck Bodies constitutes a violation of the Magnuson-Moss Warranty

Improvement Act;

j.     whether members of the Class, under the express warranty, are entitled to the replacement value of the defectively designed and/or manufactured Truck Bodies;

k.     whether members of the Class, under the express warranty, are entitled to have their truck bodies repaired by Defendant free of cost or are entitled to receive the full reimbursement for independent, third-party repairs of the Truck Bodies;

43.     The claims of the Plaintiff are typical of the claims of the Class. As with all members of the Class, Plaintiff purchased at least one of the Truck Bodies for its 1-800-GOT-JUNK franchise and have been damaged by Defendant's uniform misconduct.

44.     Plaintiff will fairly and adequately assert and protect the interests of the Class because:

a.     Plaintiff has retained counsel experienced in the prosecution of class action litigation, who will adequately represent the interests of the Class;

b.     Plaintiff and its counsel are aware of no conflicts of interest between plaintiff and absent Class members or otherwise;

c.     Plaintiff has or can acquire adequate financial resource to assure that the interests of the Class will not be harmed; and

d.     Plaintiff is knowledgeable concerning the subject matter of this action and intends to vigorously prosecute this litigation.

45.     A class action provides the most fair, efficient and appropriate method for adjudicating this controversy, because:

a.     Common questions of law or fact predominate over any questions affecting only individual members.  The flaw at issue in this litigation is a flaw which impacts every single Truck Body manufactured by Defendant. Every member of the Class is affected by this and there are no individual issues which predominate over the Class-wide questions of law and fact which exist in this controversy.   No significant questions of law or fact that might affect only individual members exist that cannot be managed through effective Sub-Class definitions, jury interrogatory modifications or otherwise, consistent with sound judicial management, due process of law and fundamental fairness to the defendant and the Class;

b.     The individual members of the Class do not have any significant interest in prosecuting individual actions or controlling the prosecution of individual actions.   The costs and issues involved in the litigation of the issues involved herein would be so prohibitively high with respect to the relief which might be available in any individual case that it would not be economically efficient for any member of the Class to proceed on an individual basis.  Moreover, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with

respect to individual Class members which would not only present the defendant with incompatible standards of conduct, but which might potentially prejudice individual Class members, in that separate actions by individual members of the Class would effectively result in findings of fact in the first individual action tried being accorded collateral estoppel effect in later actions;

c.     Plaintiff is aware of no litigation already commenced by a member of the Class involving the same issues presented in this action; and

d.     The difficulties which are likely to be encountered in the management of this class action are slight in comparison to other controversies which have been brought as Class actions, since the controversy is the same with respect to every Class member, and issues of individual conduct or action are not likely to arise.  In the event any issues arise which do not apply equally to all members of the Class, these issues may be effective and readily managed through the creation of subclasses of individual members, jury interrogatory modifications or otherwise, consistent with sound judicial management, due process of law and fundamental fairness to the defendant and the Class.

## COUNT I
### Breach of Implied Warranty of Merchantability
### (On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)

46.     Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this Class Action Complaint as though set forth in full in this cause of action.

47.     Defendant is a merchant who manufactured, distributed, warranted, and/or sold Truck Bodies to Plaintiff and members of the Class for use in their 1-800-GOT-JUNK franchise.

48.     Defendant impliedly warranted to Plaintiff and members of the Class that Defendant's truck bodies were of merchantable quality and fit for such use, specifically, that the Truck Bodies were free of defects and fit for the ordinary purpose for which such goods are used, including for junk removal.

49.     As alleged herein, Defendant's sales of the Truck Bodies breached the implied warranty of merchantability because they were latently defective and developed extensive and unsolvable rust and corrosion. The Truck Bodies are therefore defective, unmerchantable, and unfit for the ordinary, intended purpose at the time of sale. The Truck Bodies develop extensive and unsolvable rust and corrosion due to the defect or defects that plague them.

50.     As a direct and proximate result of the breach of said warranties, Plaintiff and Class members were injured, and are entitled to damages.

51.     Plaintiff and Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

**COUNT II**
**Breach of Express Warranty**
**(On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)**

52.     Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this Class Action Complaint as though set forth in full in this cause of action.

53.     Defendant expressly warranted that the Truck Bodies were of good quality, free of defects, and, at a minimum, would work properly.

54.     Defendant breached this warranty by selling to Plaintiff and Class members the Truck Bodies which are not of good quality and fail prematurely as a result of extensive rust and corrosion problems.

55.     As a result of Defendant's actions, Plaintiff and Class members have suffered economic damages including, but not limited to, costly repairs, loss of vehicle use, substantial loss in value and resale value of the vehicles, and other related damage.

56.     Defendant attempts to disclaim or limit these express warranties vis-à-vis consumers are unconscionable and unenforceable under the circumstances here. Specifically, Defendant's warranty limitation is unenforceable because it knowingly sold a defective product without informing consumers about the defect.

57.     The time limits contained in Defendant's warranty period were also unconscionable and inadequate to protect Plaintiffs and members of the Class. Among

other things, Plaintiffs and Class members had no meaningful choice in determining these time limitations, the terms of which unreasonably favored Defendant. A gross disparity in bargaining power existed between Defendant and Class members, and Defendant knew or should have known that the truck bodies were defective at the time of sale and would fail well before their useful lives.

58.     Plaintiff and Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

## COUNT III
### Unjust Enrichment
**(On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)**

59.     Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this Class Action Complaint as though set forth in full in this cause of action.

60.     Plaintiff and Class members conferred a tangible economic benefit upon Defendant by purchasing the Truck Bodies. Plaintiff and Class members would have expected remuneration from the Defendant at the time this benefit was conferred had they known that the Truck Bodies within the Vehicles would rust and corrode prematurely ultimately resulting in their failure.

61.     Failing to require Defendant to provide remuneration under these circumstances would result in it being unjustly enriched at the expense of Plaintiff and the Class.

62.     Defendant was and continues to be unjustly enriched at the expense of Plaintiff and Class members. This unjust enrichment was beyond any of Defendant's contractual rights.

63.     Defendant's retention (without an offsetting return payment) of the benefit conferred upon them by Plaintiff and members of the Class would be unjust and inequitable.

## COUNT IV
### Violation of the Minnesota Consumer Fraud Act
### (Minn. Stat. § 325F.68, *et seq.*)
### (On Behalf of the Nationwide Class)

64.     Plaintiff Proserv Removal, Inc. and the Minnesota Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

65.     Plaintiff Proserv Removal, Inc. brings this claim on behalf of himself and the Minnesota Class.

66.     The Minnesota Consumer Fraud Act ("MCFA") prohibits "[t]he act, use or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive trade practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby." Minn. Stat. § 325F.69.

67.     Plaintiff Proserv Removal, Inc. and the Minnesota Class are "persons" as that term is defined in Minn. Stat. § 325F.68.

68.     The Truck Bodies are "merchandise" as that term is defined in Minn. Stat. § 325F.68.

69.     Defendant has engaged in fraud and deceptive trade practices by the conduct, statements, and omissions described above, and by knowingly and intentionally concealing from Plaintiff and the National Class members that the Truck Bodies suffer from a defect (and the costs, safety risks, and diminished value of the Truck Bodies as a result of these problems). Defendant should have disclosed this information because it was in a superior position to know the true facts related to the defect, and Plaintiff and the National Class members could not reasonably be expected to learn or discover the true facts related to the defect.

70.     These acts and practices have deceived Plaintiff and are likely to deceive the public. In failing to disclose the defect and suppressing other material facts from Plaintiff and the National Class members, Defendant breached its duties to disclose these facts, violated the MCFA, and caused injuries to Plaintiff and the National Class members. The omissions and acts of concealment by Defendant pertained to information that was material to Plaintiff and the National Class members, as it would have been to all reasonable consumers.

71.     The injuries suffered by Plaintiff and the National Class members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiff and the National Class members should have reasonably avoided.

72.      Plaintiff did not receive the benefit of its bargain as a result of Defendants' misconduct.

73.    Defendant's unlawful acts and practices complained of herein affect the public interest. As a direct and proximate result of Defendant's violations of the MCFA, Plaintiff and the Class have suffered injuries-in-fact and/or actual damage. Pursuant to Minn. Stat. § 8.31 subd. 3a, Plaintiff and the Class seek actual damages, attorneys' fees, and any other just and proper relief available under the MCFA.

74.    In the alternative, pursuant to Minn. Stat. §§ 325F.69, subd. 1 and 325F.70, subd. 1, Plaintiff requests that this Court enjoin Defendant from engaging in the aforementioned misrepresentation and deceptive practices.

### COUNT V
**Fraud**
**Fraudulent Omission**
**(On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)**

75.    Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this Class Action Complaint as though set forth in full in this cause of action.

76.    Defendant made material misrepresentations and omissions concerning a presently existing or past fact. For example, Defendant did not fully and truthfully disclose to its customers the true nature of the inherent design and/or manufacturing defect with the Truck Bodies, which was not readily discoverable until after purchase. As a result, Plaintiff and the other Class Members were fraudulently induced to purchase the Truck Bodies with the said design and/or manufacturing defects and all of the resultant issues

77.    These omissions and statements were made by Defendant with knowledge of their falsity, and with the intent that Plaintiff and Class members rely on them.

78.    Plaintiff and Class members reasonably relied on these statements and omissions, and suffered damages as a result.

## COUNT VI
### Fraudulent Omission
### (On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)

79.    Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this Class Action Complaint as though set forth in full in this cause of action.

80.    Defendant made material omissions concerning a presently existing or past fact. For example, Defendant did not fully and truthfully disclose to its customers the true nature of the inherent design and/or manufacturing defect with the Truck Bodies, which was not readily discoverable until after purchase. These facts, and other facts as set forth above, were material because reasonable people attach importance to their existence or nonexistence in deciding which vehicle to purchase. As a result, Plaintiff and the other Class Members were fraudulently induced to purchase the Truck Bodies with the said design and/or manufacturing defects and all of the resultant issues

81.    These omissions were made by Defendant with knowledge of their falsity, and with the intent that Plaintiff and Class members rely on them.

82.    Plaintiff and Class members reasonably relied on these omissions, and suffered damages as a result.

**COUNT VII**
**Negligent Misrepresentation**
**(On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)**

83.    Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this Class Action Complaint as though set forth in full in this cause of action.

84.    Defendant negligently provided Plaintiff and Class members with false information. Specifically, Defendant negligently made incorrect statements concerning the quality of the Truck Bodies and negligently failed to disclose or reveal the known defects regarding premature rusting and corrosion.   Contemporaneously, Defendant made numerous affirmative representations about the quality of its Truck Bodies.

85.    Plaintiff and Class members justifiably relied on these negligent representations and omissions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Class, respectfully requests that this Court:

A.    determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class as defined above;

B.    appoint Plaintiff as the representative of the Class and their counsel as Class counsel;

C.      award all actual, general, special, incidental, statutory, punitive, and

consequential damages to which Plaintiff and Class members are

entitled;

D.      award pre-judgment and post-judgment interest on such monetary

relief;

E.      grant appropriate injunctive and/or declaratory relief, including,

without limitation, an order that requires Defendant to repair, recall,

and/or replace the Truck Bodies or, at a minimum, to provide Plaintiff

and Class members with appropriate curative notice regarding the

existence and cause of the design defect;

F.      award reasonable attorney's fees and costs; and

G.      grant such further relief that this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury to the full extent permitted by law.


Dated: January 27, 2021                    */s/Karen Hanson Riebel*
                                           Karen Hanson Riebel (MN #0219770)
                                           Kate M. Baxter-Kauf (MN #392037)
                                           **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
                                           100 Washington Avenue South
                                           Suite 2200
                                           Minneapolis, MN 55401
                                           Telephone: (612) 339-6900
                                           Facsimile: (612) 339-
                                           khriebel@locklaw.com
                                           kmbaxter-kauf@locklaw.com

Richard M. Golomb, Esquire
(*pro hac vice* forthcoming)
Kenneth J. Grunfeld, Esquire
(*pro hac vice* forthcoming)
**GOLOMB & HONIK, P.C.**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Telephone: (215) 985-9177
Facsimile: (215) 985-4169
rgolomb@golombhonik.com
kgrunfeld@golombhonik.com

*Counsel for Plaintiff and the Proposed
Classes*